■ In the Matter of the Claim of THOMAS SCARPULLO, Appellant, v. ALBA BARBER SHOP et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board reversing a decision and award of a Referee and dismissing his claim on the ground that the injury suffered did not arise out of and in the course of his employment. Claimant, a barber, suffered a detached retina of the right eye. He alleges that on September 24, 1958 while working alone at his employer's barbershop he turned suddenly as a customer entered and struck his right eye on the headrest of a barber chair. He testified that he saw a flash in his eye immediately after contacting the headrest but that it subsided and he resumed working. Gradually, however, he began to lose his vision in the eye and on September 30, 1958 he consulted a Dr. Sukoff, an optometrist. On October 4, 1958 Dr. Sukoff took claimant to see a Dr. Jaffe, an ophthalmologist, who found the detached retina and recommended immediate surgery to reattach the retina, which surgery was performed on October 8, 1958. Since Dr. Jaffe testified as to probable causal relationship between the detachment and the alleged accident, the record would support an award if the board had so decided. The majority of the board, however, has found that the credible evidence indicates that the claim for compensation was an afterthought and that the detachment did not occur as claimant has alleged. Questions of credibility, of course, are strictly within the province of the board irrespective of the Referee's determination on the issue (*Matter of Millefiore* v. *U. S. Cas. Co.*, 16 A D 2d 1015; *Matter of Van De Walker* v. *Syracuse Bowling Center*, 16 A D 2d 728; *Matter of Manolakis* v. *Edison S. S. Corp.*, 15 A D 2d 845). The board was not bound as a matter of law to accept claimant's testimony and by rejecting his testimony "denuded the record of proof connecting the accident with the employment." (*Matter of Manolakis, supra*, p. 845). *Matter of Wolff* v. *Jarolomon & Co.* (4 A D 2d 923, motion for leave to appeal denied 5 A D 2d 797) relied on by

claimant is readily distinguishable. In *Wolff* the board's finding was ambiguous as to whether it was deciding the issue as the basis of credibility or causal relationship, and, furthermore, claimant's testimony as to the occurrence of the accident was supported by the testimony of two co-workers. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.